# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORBERT J. DOTZEL, JR.,** | : | No. 3:03cv1418 |
| d/b/a Dotzel Trucking, and **JOANNE** | : | |
| **DOTZEL,** d/b/a Dotzel Trucking, | : | (Judge Munley) |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **ERNEST ASHBRIDGE,** | : | |
| **JOHN R. BOWER, DARREN CRISPIN,** | : | |
| and **SALEM TOWNSHIP,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' motion for attorney fees. Having been briefed, the matter is ripe for disposition.

**Background**

Plaintiffs' filed the instant matter in August 2003. The case centered around defendants' refusal to provide plaintiffs with a permit for a quarry they hoped to locate on their property within the Township. The plaintiffs alleged that defendants' refusal to provide them with a permit was motivated by self dealing, and that zoning officials improperly required the plaintiffs to meet conditions unnecessary under state and local law. The Luzerene County Court of Common Pleas eventually reversed the Township's decision. After prevailing in state court, plaintiffs filed the instant action, raising various First Amendment and Fourteenth Amendment due process claims. After considering defendants' motion, this court dismissed all of plaintiffs

claims except for a substantive due process claim and a <u>Monell</u> claim for municipal liability. The Third Circuit Court of Appeals agreed with this court on most aspects of that decision, but concluded we had erred in finding that members of the Township Planning Commission were not entitled to absolute immunity for their individual acts.

The Third Circuit remanded the case to this court, and the parties undertook discovery. When the discovery period ended, defendants filed a motion for summary judgment. On November 15, 2007, we filed our memorandum and order granting the defendants' motion. We concluded a plaintiff had to demonstrate that the defendants engaged in behavior which shocked the conscience to prevail on a due process claim related to a zoning decision. Though the plaintiffs had made allegations of improper motivation and corrupt dealing by the defendants, we found that they had not advanced evidence by which a jury could conclude that such behavior had occurred. We accordingly granted defendants' motion and closed the case.

Defendants then filed the instant motion (Doc. 59) seeking attorneys fees and costs from the plaintiffs. In addition to filing documents in response to defendants' motion for attorneys fees, plaintiffs also filed a notice of appeal for our decision on summary judgment, bringing the case to its present posture.

**Jurisdiction**

Since plaintiffs filed their original complaint pursuant to 42 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original


jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Section 1988 of Chapter 42 of the United States Code provides in relevant part that "[i]n any action or proceeding to enforce a provision of" section 1983 "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). While "[t]he 'prevailing party' can be either the plaintiff or the defendant[,] . . . the standard for awarding attorney's fees to prevailing defendants is more stringent than for awarding fees to prevailing plaintiffs." Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001). The Supreme Court has concluded that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so . . . if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). In determining whether attorney's fees for the defendant are justified, courts must "'resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation.'" Id. (quoting Christianburg, 434 U.S. at 421-22). Accordingly,"'attorney's fees [to a prevailing Title VII defendant]

3

are not routine, but are to be only sparingly awarded.'" <u>EEOC v. L.B. Foster Co.</u>, 123 F.3d 746, 751 (3d Cir. 1997) (quoting <u>Quiroga v. Hasbro, Inc.</u>, 934 F.2d 497, 503 (3d Cir. 1991).

Defendants argue that plaintiffs should be liable for attorneys fees and costs in part because defendants "have been successful at every stage of the proceeding."[1] (Affidavit supporting plaintiff's motion for attorney fees and costs (Doc. 60) at ¶ 27). Defendants also assert that "in an effort to overstate their case or to bludgeon the Township into submission, Plaintiffs asserted factual allegations that they could not prove, legal contentions that were unambiguously refuted by universal case law." (<u>Id.</u> at ¶ 20).

**Discussion**

In this case, plaintiffs sought damages for violations of their substantive due process rights under the Fourteenth Amendment. Their case grew out of zoning decisions made by the defendants. We ultimately found that defendants were entitled to summary judgment because plaintiffs had not produced evidence of any behavior on the defendants' part that "shocked the conscience." Both sides agreed

---

[1] Defendants appear to overstate their record in this litigation. While the court dismissed most of plaintiffs' claims after defendants filed a motion to dismiss, we did not find that plaintiffs had entirely failed to state a claim. While the Third Circuit Court of Appeals disagreed with our assessment that certain zoning board officials were not entitled to quasi-judicial immunity, that court agreed that plaintiffs had stated a claim for a substantive due process violation. Though defendants' motion for summary judgment disposed of the case, we found that plaintiffs could survive summary judgment on some of the grounds defendants raised, particularly whether the plaintiffs could have a property right when a zoning board had discretion to reject an application.

that this standard should prevail in a substantive due process claim based on zoning decisions.  Defendants argue that plaintiffs' failure to produce evidence by which a jury could conclude that conscience-shocking behavior occurred demonstrates that their claim was groundless and frivolous and that we should provide defendants with the rare remedy of compensation for their attorney's fees.

Plaintiffs did not misstate the controlling law or advance a theory clearly contrary to the holdings of any court.  Nothing in this case would lead us to conclude that plaintiffs advanced their action for improper motives, or simply to harass the defendants.  Instead, this case–like many cases decided each year in federal court–turned on whether plaintiffs had produced evidence sufficient to survive summary judgment.  While they failed, plaintiffs did produce evidence which they reasonably argued demonstrated conscience-shocking behavior.  They pointed to several instances of misbehavior on the part of Township officials.  They argued that the decision of a state court that zoning officials had improperly denied them a permit constituted evidence that defendants lacked a reasonable basis for their actions, and pointed to relationships between officials and businesses near plaintiffs' property that they claimed constituted evidence of self-dealing.  They also argued that defendants violated Pennsylvania law by attempting to regulate plaintiffs' quarry, and that such action represented conscience-shocking behavior.[2]   While we

---

[2] We did not address this argument directly in our memorandum dismissing the case as it was a disagreement over state law unnecessary to our decision.   If plaintiffs had stated clearly that they considered defendants' behavior in acting contrary to state law as

concluded that none of this evidence could be seen by jurors as evidence of unconstitutional behavior by Township officials, we do not think that plaintiffs advanced claims which were frivolous or baseless as a matter of law.

The standards for awarding attorneys fees to defendants and for granting summary judgment are quite different. A grant of summary judgment is not *per se* evidence that a claim is baseless or frivolous. Instead, granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). To conclude that plaintiffs advanced a clearly frivolous or unreasonable position because defendants prevailed on a motion for summary judgment would lead us to conclude that nearly every plaintiff who loses such a motion in a zoning dispute would be liable for defendants' attorneys fees. Moreover, the "shocks the conscience" standard prevailed in this case. That standard is admittedly imprecise, and plaintiffs were not unreasonable–though mistaken–to believe that their evidence could survive summary judgment. An outcome where a plaintiff is forced to surrender attorneys fees after losing such a motion for summary judgment is clearly

---

conscience shocking, we rejected it. Being mistaken about the law, as defendants here apparently were, is not behavior that shocks the conscience. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (defining conscience-shocking behavior as "conduct intended to injure in some way unjustifiable by any government interest.").

6

contrary to the Third Circuit's directive that "'attorney's fees [to a prevailing Title VII defendant] are not routine, but are to be only sparingly awarded.'" L.B. Foster Co., 123 F.3d at 751. In any case, we find that plaintiffs here, though they advanced a losing position, did not advance one that was unreasonable, frivolous, or clearly contrary to law.

**Conclusion**

For the above-stated reasons we will deny defendants' motion for attorneys fees and costs. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORBERT J. DOTZEL, JR.,** | : | No. 3:03cv1418 |
| **d/b/a Dotzel Trucking, and JOANNE** | : | |
| **DOTZEL, d/b/a Dotzel Trucking,** | : | (Judge Munley) |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ERNEST ASHBRIDGE,** | : | |
| **JOHN R. BOWER, DARREN CRISPIN,** | : | |
| **and SALEM TOWNSHIP,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** to wit, this 14th day of December 2007, the defendants' motion for attorneys' fees and costs (Doc. 59) is **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**